### FRANCIS *v.* ROME, W. & O. R..Co.

*(Supreme Court, General Term, Fourth Department.* February, 1891.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
   Where there is a conflict of evidence a verdict for plaintiff will not be disturbed on appeal, though the numerical preponderance of testimony was in favor of defendant.

2. WITNESS—CROSS-EXAMINATION TO IMPEACH.
   In an action by a railroad conductor for wages due, defendant interposed as a defense that plaintiff had failed to account for fares collected, and introduced detectives as witnesses, one of whom stated on cross-examination that he did not buy a ticket because he got on for the purpose of paying a fare. *Held,* that it was proper to ask such witness on further cross-examination whether he did so for the purpose of reporting that he "had accomplished something."

Appeal from circuit court, Oneida county.

Action by David P. Francis against the Rome, Watertown & Ogdensburg Railroad Company. There was a verdict for the plaintiff for $118.53, and a motion for a new trial made on the minutes "on the ground that the verdict was against the evidence" was denied, and defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Beardsley & Beardsley,* for appellant. *John W. Boyle,* for respondent.

HARDIN, P. J. Plaintiff for several years was a conductor in the employ of the defendant. He was discharged. At the time of his discharge there was due him a balance for wages of $114.50. No dispute was made at the trial of the amount of his wages remaining unpaid. On the trial the court held, on the motion of the defendant, that it had the affirmative of the issue, and thereupon the defendant called the plaintiff as a witness, and proved the fact that he had, as a conductor, been in the employ of the defendant, and that, while in such employ in the month of September, he operated, as such conductor, a train in behalf of the defendant running between Watertown, Sackett's Harbor, and Carthage, and that he made his report of the moneys collected on the 10th day of September, and on the 14th day of September, 1888, to the auditor of the defendant, and the amount of moneys which he delivered, called for by his report, and his habit to use duplex tickets, and certain other facts and circumstances attending the details of his employment. The defendant put upon the stand five witnesses who had been in the employ of Robert A. Pinkerton as detectives, who had passed over the road and in the cars under the care and supervision of the plaintiff as conductor, and they stated facts and circumstances tending to establish that the plaintiff had received moneys, on the occasions mentioned by the witnesses, for fares without properly using duplex tickets, and which fares were not properly, if at all, included in the reports and payments made by the plaintiff to the defendant while so in the discharge of his duties as such conductor on the days in question. After this testimony was given, the plaintiff was recalled in his own behalf, and testified, among other things, viz.: "I have heard the operatives testify as to the trains of September 10th and 14th." Exhibit 1 shown witness, and he says: "This is a report for September 10th. I did not collect any fares on that train represented by that report which is not upon the report and accounted for to the company. All the fares I collected are on there." Looking at Exhibit 2, witness says: "I did not collect any fares from passengers on that train on the 14th of September, which are not represented upon that report and accounted for to the company. I made out those reports on the day the report is dated on; made them out in the afternoon; sometimes made them out on the train, and sometimes immediately on arriving at the end of the trip, and then sent them in. I couldn't say, outside of the report, as to any particular fare or fares collected on the 10th of September, from Carthage up to Watertown, nor whether passengers refused to take the duplex tickets I presented to them." In the course of his charge to the

jury the learned trial judge said: "The defense is based upon the proposition that the plaintiff had not fulfilled the contract on his part, and therefore is not in a position to demand a compliance with the contract by the defendant. Among other things the contract between the parties impliedly was that the plaintiff should deal honestly with the defendant; should pay over to it all the money he collected for it for the fare of passengers; and the defendant alleges that he violated the contract in this respect, and, therefore, having violated it himself, he is not in a position to call upon a court or a jury to enforce the performance by the other side, the defendant. That proposition, gentlemen, is true. The plaintiff cannot come into court asking its assistance in recovering upon a contract, or enforcing compliance with a contract, if it appears in the case that he, himself, has failed to fulfill the contract upon his part in a material respect. There is no difficulty, therefore, about the law. The only question of fact in this case is whether the plaintiff did, in the respects alleged, violate, or fail to keep or perform the contract upon his part. * * * The question of the credibility of these five witnesses, gentlemen, is a question entirely for you. You have the duty of determining whether they are testifying truly and honestly, or whether they have come here to testify untruly, and to testify to things that they did not see. It is a question also for you whether, if they are honest, it is probable or likely that they are mistaken as to the facts that they testify to. * * * The whole question as to whether they testify truly, or as to whether they are mistaken as to what they testify to, I leave to you without any comment whatever. You have seen the men. They are concededly detectives, sent out for the purpose of ascertaining whether or not this conductor was honest, and was dealing honestly with the company." We think the question of fact was one appropriate for the jury. While there is a direct conflict in the evidence, and while in numbers of witnesses the defendant has the greater, we do not feel called upon to disturb the verdict which has been rendered by the jury upon the vital issues of fact presented by the evidence. Plaintiff's character for honesty, faithfulness, and integrity was involved. If the defense sought to be established by the defendant was made out, the plaintiff had been guilty of a breach of duty,—breach of his contract of employment, in that he had been dishonest, unfaithful to his obligation to the defendant, and had embezzled from the defendant its funds. When such questions are involved, and there is a conflict in the evidence, it is not in accord with the usual practice of an appellate court to interfere with the solutions of such questions by disturbing the verdict of the jury thereon. In *Wright* v. *Sanders*, 65 Barb. 215, affirmed, *42 N. Y. 323, it was said by the court, viz.: "Although four witnesses against one is a very great preponderance, yet it is the right of a referee to believe the one and disbelieve the four. Having seen and heard the witnesses, he is much better able to determine the amount of credit to which they are respectively entitled than the court can be." Applying the rule laid down in that case to the case before us, we are constrained to allow the verdict to stand. *Archer* v. *Railroad Co.*, 106 N. Y. 602, 13 N. E. Rep. 318. In *Timony* v. *Hippock*, 13 N. Y. St. Rep. 568, it was said by the general term of the first department, viz.: "When the evidence is in conflict the question of fact is properly for the jury, and when controversies are distinguished by diverse statements, the disposition made by the jury of a disputed fact must prevail and is rarely disturbed."

2. When defendant's witness Murphy was being cross-examined he stated, viz.: "I did not buy a ticket because I got on for the purpose of paying a fare." Thereupon he was asked: "For the purpose of reporting that you had accomplished something?" This question was objected to by the counsel for the defendant, who said: "It is a question susceptible of a double meaning." Thereupon the court remarked: "Well, it is cross-examination; I will allow it." Thereupon the defendant took an exception. The cross-

examining counsel then propounded to the witness, viz.: "Is that so, for the purpose of reporting that you had accomplished something?" The witness answered, viz.: "Well, I got on for the purpose —;" and later on the witness answered: "Yes, sir." We are of the opinion that the exception presents no error. We think the discretion of the trial judge was not abused in allowing the cross-examination to take place in the manner in which the question we have made shows it was conducted, and that the witness did not deliver any evidence which was improper in the course of the cross-examination. We think the verdict and order and judgment must stand. Judgment and order affirmed, with costs. All concur.